UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| HIRAM THOMAS ARVIN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 08-190-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the motion for attorneys' fees filed by Plaintiff's counsel, Wolodymyr Cybriwsky. [Record No. 23]  Through this motion, Cybriwsky seeks payment of $ 4,590.00 in fees for work performed.  More specifically, Cybriwsky seeks payment for 30.60 hours at a rate of $150.00 per hour.  After reviewing the motion and supporting documentation, the Court will base its award for work performed at an hourly rate of $100.00 per hour, an amount which is consistent with awards in similar cases.  Therefore, the motion will be granted, in part, and denied, in part, as outlined below.

## I.    BACKGROUND

On April 24, 2008, the Plaintiff filed a Complaint seeking review of the Commissioner's decision denying his claims for benefits under the Social Security Act.  The Commissioner filed his Answer, together with the Administrative Transcript on July 1, 2008.  The Plaintiff tendered his motion for summary judgment on August 29, 2008.  The Commissioner filed a motion to

remand the action for further administrative proceedings on October 3, 2008. In support, the Commissioner contended that a remand was necessary because the Administrative Law Judge who rendered the decision to deny benefits to Arvin failed to specify the weight given to the opinion of a treating physician. Likewise, the Commissioner concedes that the ALJ failed to reject the GAF scores from the treating physician and another source and failed to explain why these scores were not inconsistent with his finding of no severe mental impairment. [Record No. 18, p. 2]

On October 14, 2008, the Plaintiff responded to the Commissioner's motion to remand. [Record No. 20] Through this response, Arvin asserted that, "while Plaintiff agrees that the Commissioner's failure to properly address [his] disabling and essentially uncontested mental impairments is not supported by substantial evidence and would warrant at least remand, there were other identified errors which would compel an Award of Benefits. Plaintiff notes, however, those issues can be addressed at the administrative level under 20 C.F.R. 984." Accordingly, the Court granted the Commissioner's motion and remanded this matter for further administrative proceedings in accordance with Sentence Four of 42 U.S.C. § 405(g). [Record Nos. 21, 22]

Counsel for Arvin now requests an attorney's fee of $4,590.00, based upon 30.60 hours of work at a rate of $150.00 per hour. He asserts that the Court should "take judicial notice of its own recent E.A.J.A. determinations in the Eastern District of Kentucky as well as fellow jurist[1] which held that a $125.00 base rate is appropriate in Social Security appeals in this

---

[1] Counsel fails to cite a single case from the Eastern District of Kentucky in which an attorney's fee based on an hourly rate of $150.00 (or even $125.00) has been awarded in a Social Security disability case. The failure to cite any such cases authored by the undersigned is understandable inasmuch as such an award has not been approved.

District." [Record No. 23, p. 3] Counsel further contends, however, that when the applicable

Cost of Living statistics are considered, the hourly rate should be increased to $150.00.  Finally,

counsel argues that, because of his particular expertise,[2] his claim is reasonable and should be

awarded.

## II.    DISCUSSION

The Equal Access to Justice Act ("EAJA") "departs from the general rule that each party

to a lawsuit pays his or her own legal fees."  *Howard v. Barnhart*, 376 F.3d 551 (6th Cir. 2004)

(citing *Scarborough v. Principi*, 541 U.S. 401 (2004)).  The Act requires the payment of fees and

expenses to the prevailing party in an action against the United States, unless the position of the

United States was substantially justified.  28 U.S.C. § 2412(d)(1)(A).  In particular, the Act

provides, in relevant part, that:

> Except as otherwise specifically provided by statute, a court shall award to a
> prevailing party other than the United States fees and other expenses . . . incurred
> by that party in any civil action (other than cases sounding in tort), including
> proceedings for judicial review of agency action, brought by or against the United
> States in any court having jurisdiction of that action, unless the court finds that
> the position of the United States was substantially justified or that special
> circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  Cybriwsky has requested a fee award pursuant to this section of the

Act.

### A.    Hourly Rate

With respect to establishing reasonable attorneys' fees, the EAJA provides that:

---

[2]      Although his briefs tend to be more lengthy than others practicing in this area and notwithstanding
his boasts to the contrary, the Court does not find that Mr. Cybriwsky has any greater expertise or rate of
success that other attorneys who regularly practice in this area.

> The amount of fees awarded under [28 U.S.C. § 2412(d)] shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).  The EAJA establishes a ceiling for attorneys' fees of $125 per hour, which may be adjusted for cost of living increases or a "special factor."  *See e.g., Chipman v. Sec'y of Health and Human Servs.*, 781 F.2d 545 (6th Cir. 1986) (noting that the statutory ceiling under the EAJA was $75 per hour).[3]

In determining the appropriate hourly rate to be used in calculating attorneys' fees under the EAJA, the Court must initially determine the prevailing market rate for the kind and quality of services furnished.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  If the prevailing market rate is greater than the statutory ceiling ($125 per hour), then Court must determine whether it should adjust the hourly rate upward from the ceiling to take into account an increase the cost of living or a special factor.  *See e.g., Meyer v. Sullivan*, 958 F.2d 1029 (11th Cir. 1992).

The prevailing market rate is the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984).  In determining the market rate, courts are required to examine standard fees in the relevant community.  *Id*. at 895; *see also Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997).  The fee applicant bears the burden of producing evidence that the

---

[3]  In 1996, Section 2412(d)(2)(A) was amended to provide that statutory cap on attorneys' fees under the EAJA is $125 per hour.  *See e.g., Caremore, Inc. v. N.L.R.B.*, 150 F.3d 628 (6th Cir. 1998).

-4-

requested rate is in line with those prevailing in the community for similar services by attorneys of reasonably comparable skill, experience and reputation. *See Blum*, 465 U.S. at 895-96.

In *Chipman*, the Sixth Circuit upheld a district court decision rejecting the plaintiff's request for attorney's fees of $100 per hour and awarding fees of $75 per hour in a social security case. Although the court did not hold that awards in excess of $75 per hour were improper, it concluded that "the district court [did not] abuse its discretion in determining that the fees awarded should not exceed $75 per hour even though the cost of living may have indeed risen since the enactment of the EAJA." *Chipman*, 781 F.2d at 547.

In addition to the undersigned, other judges of this Court have examined the prevailing market rate for attorneys involved in Social Security litigation in the Eastern District of Kentucky. In *Back v. Commissioner of Soc. Sec.*, No. 7: 04-2-DLB (E.D. Ky. May 18, 2005), this Court (Judge David Bunning presiding) determined that a $100 per hour fee award was customarily utilized in the Southern Division at Pikeville for social security cases. Although the Court acknowledged that "[p]erhaps . . . an adjustment to the historical $100 per hour rate is warranted," it noted that "[p]laintiff's counsel did not provide evidence that the prevailing market rates have now increased." Thus, the Court found no basis for "deviating from the $100 historical figure."

Similarly, in *McCoy v. Commissioner of Soc. Sec.*, No. 7: 04-363-GWU (E.D. Ky. Nov. 8, 2006), this Court (Judge G. Wix Unthank presiding) awarded fees of $100 per hour for a social security case in the Southern Division at Pikeville. And in *Pridemore v. Commissioner of Soc. Sec.*, No. 7: 05-240-DLB (E.D. Ky. May 22, 2006), this Court (Judge David Bunning

-5-

presiding) rejected Plaintiff's counsel request for attorney's fees of $130 per hour and awarded fees of $100 per hour.  In doing so, the Court noted that $100 per hour reflects the relevant market rate for fee awards in social security cases filed in the district.[4]

Cybriwsky asserts that his fees should be calculated at an hourly rate of $150 per hour. However, other than the assertions outlined above, he has failed to offer any evidence of the prevailing market rate for attorney's fees in social security cases in district and has failed to present any evidence demonstrating that his requested hourly rate is reasonable and within the normal range for attorneys with comparable skill, experience and reputation practicing in the area.  Based on past decisions from this Court, it is apparent that the customary fee awarded in social security cases in this district is $100 per hour.  While other judges may, from time-to-time, grant a higher award under specific circumstances, the undersigned does not believe that any reason has been given in the present case to depart from the hourly rate that is typically used in connection with such requests.  Further, inasmuch as Cybriwsky has failed to offer any evidence establishing that the prevailing rate charged for comparable work in the district exceeds $100 per hour, the Court can discern no reason to depart from this hourly rate.

### B.    Number of Hours

---

[4]  The undersigned has awarded fees at the rate of $100 per hour as the prevailing market rate in the Eastern District of Kentucky on several occasions.  *See Cobb v. Commissioner*, U.S. Dist. Ct., E.D. Ky., Pikeville No. 7: 02-102 (October 11, 2002); *Thacker v. Commissioner*, U.S. Dist. Ct., E.D. Ky., Pikeville No. 7: 02-121 (November 14, 2002); *Keel v. Commissioner*, U.S. Dist. Ct., E.D. Ky., Pikeville No. 7: 02-232 (August 25, 2005); *Townsend v. Commissioner*, U.S. Dist. Ct., E.D. Ky., Pikeville No. 7: 02-306 (October 22, 2003); *Daniels v. Commissioner*, U.S. Dist. Ct., E.D. Ky., Pikeville No. 7: 02-457 (August 25, 2003); *Pack v. Commissioner*, U.S. Dist. Ct., E.D. Ky., Pikeville No. 7: 02-481 (July 17, 2002); *Collier v. Commissioner*, U.S. Dist. Ct. E.D. Ky., Pikeville No. 7: 03-11 (August 25, 2003); *Standifur v. Astrue*, U.S. Dist. Ct. E.D. Ky., Pikeville No. 7: 07-25 (August 27, 2007); and *Maynard v. Commissioner,* U.S. Dist. Ct., E.D. Ky., Pikeville No. 7: 08-155 (October 28, 2008).

Cybriwsky alleges that he expended 30.60 hours between March 12, 2008, and November 14, 2008, representing the Plaintiff.  In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the Supreme Court directed district courts to exclude from the initial fee calculation "hours that were not 'reasonably expended.'"  *Id.* at 434.  The Court further stated that attorneys are required to exercise "billing judgment."  *Id.*  Thus, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."  *Id.*  "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority."  *Id.* (citing *Copeland v. Marshall*, 641 F.2d 880 (D.C. Cir. 1980).

The Court has conducted an independent review of the materials submitted by counsel, and the record in general.  Based upon this review, the Court concludes that the number of hours sought for the tasks performed appears reasonable.  Accordingly, based on the reduction of the hourly rate to $100.00 per hour, it is hereby

**ORDERED** that Plaintiff's counsel's motion for attorneys' fees [Record No. 23] is **GRANTED**, in part, and **DENIED**, part.  Plaintiff's counsel is awarded fees of $3,060.00, consistent with this opinion.

This 18th day of November, 2008.



Signed By:

*Danny C. Reeves*  DCR

**United States District Judge**